**Opinion filed September 10, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-07-00337-CR

———————

## OFRAEL AMADOR, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-33,929**

## M E M O R A N D U M   O P I N I O N

Ofrael Amador appeals his conviction by a jury of the offense of sexual assault. The jury assessed his punishment at seven years in the Texas Department of Criminal Justice, Institutional Division. He contends in a single point of error that the trial court abused its discretion by denying his motion for continuance. We affirm.

Amador contends that the trial court abused its discretion by denying his motion for continuance. The granting or denying of a motion for continuance is within the sound discretion of the trial court. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). A defendant must show "specific prejudice to his defense" to establish that the trial court abused its discretion in refusing to grant a continuance. *Id.*

Amador's motion for continuance was based upon the facts that he was arrested on additional charges the day before the trial and that his counsel needed time to prepare for trial because the State had given him notice that it planned to produce evidence of Amador's conduct in that incident during the trial. There is no evidence in the record showing any specific prejudice to the defense that would establish that the trial court abused its discretion in refusing to grant a continuance.

In urging that Amador did suffer prejudice due to the trial court's denial of his continuance, Amador refers to his counsel's statement at trial that he had not had time to prepare, that he did not yet know much about the substance of what had happened the day before, and that he had not been able to interview the witnesses or do any preparation for cross-examination. The only witness called by the State who testified concerning what happened the day before trial was Amador's wife, the complainant. She was cross-examined by Amador's counsel. The complainant testified that, on the day before trial, Amador broke into her home and took her to a motel against her will for the purpose of preventing her from appearing at trial. Amador makes no suggestion as to what questions his counsel would have asked or what questions he would not have asked had he had additional time to prepare for the cross-examination of the complainant.

Amador called Enrique Navarrete, who testified that, at the request of Amador, he had rented the motel room where Amador took the complainant on the day before the trial. Navarrete indicated that he saw the complainant and that there was no indication she was at the motel involuntarily. He testified on cross-examination that he had a prior conviction for sexual assault and a prior conviction for "failure to comply with sex offender registration" and that he was facing a charge of evading arrest.

Amador asserts in his brief, referring to evidence of Navarrete's prior convictions, that: "It is evident, in the record that the Assistant District Attorney knew more about Navarrete that [sic] Appellant's trial counsel." Amador further declares that his trial counsel was not familiar with Navarrete or his criminal history. He refers to the State's question, "So you are a two time convicted felon of sexual assault?" as showing that his counsel was unaware of the criminal history. In fact, there is nothing in the record to show that, at the time this question was asked, Amador's counsel was not aware of Navarrete's criminal history. Rather, the evidence shows that Navarrete had just recounted his criminal history during cross-examination. We note that Navarrete himself answered the State's question in the affirmative. Amador suggests that, if his trial counsel had been able to

investigate the incident from the day before, it is highly unlikely he would have called Navarrete, given a significant criminal history. Amador's assertion is speculative and is outside the record. There is no evidence in the record showing that Amador's trial counsel was unaware at trial of Navarrete's prior criminal record or, if he had not been, that he would not have called Navarrete. Finally, Amador asserts that his trial counsel was surprised at the complainant's testimony that she and her children were taken against their will to a motel, saying, "It is plain from the record that [defense counsel] did not have anytime [sic] to investigate what turned out to be a significant portion of the alleged victim's claims and eventual testimony." While Amador's counsel stated at trial that he did not yet know much about the substance of the incident the day before, the record does not support the claim that he was surprised at the complainant's testimony concerning what had happened. Although Amador's trial counsel stated that he had not been able to interview witnesses, there is nothing in the record to show what additional investigation he could have conducted, had he been given additional time, that would have made any difference in the trial. Because there is no evidence of specific prejudice to the defense shown in the record to have resulted from the trial court's denial of Amador's motion for continuance, we hold that the trial court did not abuse its discretion by denying the motion. We overrule Amador's sole point of error.

The judgment is affirmed.

PER CURIAM

September 10, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Strange, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.